UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**YOURFAVORITE.COM**
Richard Rogers, Pro Se

V.

**DONALD HELLINGER**
Universal Payment Solutions
Jami Pearlman
Randy Trost
Ron DiSalvo Jr
CI Host, Inc.
GlobalHosting, Inc.

CIVIL ACTION
NO._____

03 10743 GAO

<u>COMPLAINT</u>     MAGISTRATE JUDGE Bowler

## Parties

1. The Plaintiff, yourfavorite.com, is a business located in Boston, Massachusetts. Richard Rogers, President, Pro Se, is a resident of Massachusetts and citizen of the United States.

2. The Defendant, Donald Hellinger, is a resident of Newtown, Pennsylvania and is a citizen of the United States.

3. The Defendant, Universal Payment Solutions, is located in Newtown, Pennsylvania in the United States.

4. The Defendant, Jami Pearlman, is a resident of Landsdowne, Pennsylvania and is a citizen of the United States.

5. The Defendant, Randy Trost, is a resident of Pennsylvania and is a citizen of the United States.

6. The Defendant, Ron DiSalvo, Jr., is a resident of Pennsylvania and is a citizen of the United States.

7. The Defendant, CI Host, Inc. is a business located in Bedford, Texas, and in the United States.

8. The Defendant, GlobalHosting, Inc., is a business located in Atlanta, Georgia and in the United States.

## Jurisdiction

9. This court has jurisdiction over this matter pursuant to 29 U.S.C. §1332.

## Facts

10. On January 3, 2002, the Defendant Donald Hellinger requested information on CheckWriter™ Software. Literature regarding CheckWriter™ software, featuring RoutingTool™ software was sent to the Defendant's fax machine and delivery was confirmed at 21:17:35 Eastern time. This same literature was sent first class mail to Don Hellinger, 395 Brownsburg Rd, Newtown, PA 18940.

11. On January 3, 2002, the Defendant Donald Hellinger entered into a contract during the registration process for the CheckWriter™ software online demonstration, known as the "free demo." The contract to which Mr. Hellinger agreed stated, "during the course of this agreement ... any ideas or other intellectual property developed under this agreement for personal or private application, or for commercial use, without the prior written permission of yourfavorite.com, is prohibited."

12. On August 8, 2002, Defendant, Ron DiSalvo, Jr., entered into a contract during the registration process for the RoutingTool™ software online demonstration, known as "RoutingTool™." The contract to which Mr. DiSalvo agreed stated, "during the course of this agreement ... any ideas or other intellectual property developed under this agreement for personal or private application, or for commercial use, without the prior written permission of yourfavorite.com, is prohibited."

13. On September 12, 2002, and on December 6, 2002, separately, the Defendant, Donald Hellinger, signed the same contract while registering for two other online software demonstrations, including CheckWriter™ Software, containing guidelines regarding the intellectual property rights of yourfavorite.com.

14. On September 13, 2002, the Defendant, Donald Hellinger purchased a copy of CheckWriter™ software, featuring RoutingTool™ and it was shipped to the Defendant at 6 Penns Trail, Newtown, PA 18940.

15. On December 2, 2002, the Defendant, Donald Hellinger, purchased a second copy of CheckWriter™ software, featuring RoutingTool™.

16. On December 11, 2002, the Defendant, Randy Trost, contacted yourfavorite.com regarding importing and exporting data from the CheckWriter™ software.

17. On December 12, 2002, the Defendant, Jami Pearlman, an employee at Universal Payment Solutions, contacted yourfavorite.com for information regarding the features and functionality of the CheckWriter software.

18. On March 4, 2003, the Defendant, Donald Hellinger began to advertise software identical to RoutingTool™, and in the same arena as yourfavorite.com, according to the records supplied by yourfavorite.com's advertising agency. The Defendant is placing competitive bids for pay per performance search engine listings on the Internet, in violation of his contract which states the following,

    "Customer acknowledges that by reason of its relationship with yourfavorite.com hereunder, it may have access to certain information and materials relating to yourfavorite.com's business, plans, customers, software technology, and marketing strategies that is confidential and of substantial value to yourfavorite.com, which value would be impaired if such information were disclosed to third parties. Customer agrees that it will not use in any way for its own account nor for the account of any third party, nor disclose to any third party, any such information revealed to it by yourfavorite.com. This includes use of pieces of CheckWriter™ software or CheckWriter™ as a whole in the development of other software systems or similar projects. Customer further agrees that it will take every reasonable precaution to protect the confidentiality of such information. In the event of termination of this agreement, there shall be no use or disclosure by the Customer of any such confidential information in its possession, and all confidential materials shall be returned to yourfavorite.com or destroyed. The provisions of this section shall survive the termination of the agreement for any reason. Upon any breach or threatened breach of this section, yourfavorite.com shall be entitled to injunctive relief, which relief shall not be contested by Customer."

19. On March 4, 2003, the Defendant, Donald Hellinger began to advertise software in competition with CheckWriter™, and in the same arena as yourfavorite.com, according to the records supplied by yourfavorite.com's advertising agency. The Defendant is placing competitive bids for pay per performance search engine listings on the Internet, in violation of his contract and license agreement.

20. On April 14, 2003 it was discovered by yourfavorite.com, that the Defendant Universal Payment Solutions, had designed an identical software program to RoutingTool™ and had misappropriated yourfavorite.com's intellectual property rights by reverse engineering the software. Mr. Hellinger's version of RoutingTool™ is identical in look, feel, and functionality.

21. On April 16, 2003 the Defendant, Donald Hellinger was notified via certified mail that he was in violation of his contract and yourfavorite.com requested that the Defendant remove the routing number verification program from his website(s) and abandon all future plans to provide such software under his name, his company name, fictitious business name, or any doing business as name, by web or by any other means of distribution. And that he remove all public and personal access to the routing verification software within 24 hours. This included all access for use by the public, and/or within his own

organization.

22. On April 16, 2003 the Defendant Donald Hellinger was notified via certified mail in the form of a cease and desist notice that yourfavorite.com demanded the removal of his software from his systems, and demanded that the Defendant cease advertising the software as his own.

23. On April 16, 2003 the Defendant, Donald Hellinger was notified via certified mail, that continuing to use the routing number verification tool software as his own, and continuing to advertise his routing tool software for commercial gain, would, after notification, incur a license fee of $100 per day, per location, payable to yourfavorite.com.

24. On April 16, 2003 the Defendant, Donald Hellinger placed phone calls to yourfavorite.com and Richard Rogers, confirming receipt of the registered mail, and confirming having opened, and read the cease and desist notice

25. On April 16, 2003 the Defendant, Donald Hellinger, from his leads4u@aol.com email address, did send an email communication stating, "The date that Checkrecoverysystems.com first had an ABA Lookup tool was on or around March 25, 2002," establishing that the Defendants, Donald Hellinger, and Universal Payment Solutions, developed the software after their contract was initiated.

26. On April 17, 2003, the Defendant, Donald Hellinger revisited routingtool.com via the CheckWriter™ software website, at 12:56 p.m. and re-registered for RoutingTool™. The Defendant, Donald Hellinger agreed to the terms of service and acceptable use policy again, and provided his digital signature.

27. The Defendant Donald Hellinger has violated the Digital Millennium Copyright Act, Section 1201 whereby he obtained access to CheckWriter™ software and reverse engineered the RoutingTool™ component, and began using it as his own, and advertising it for commercial gain.

28. The Defendant Donald Hellinger agreed to the following terms in his contract, "Upon any breach or threatened breach … yourfavorite.com shall be entitled to injunctive relief, which relief shall not be contested."

29. The Defendant CI Host, Inc., provides the computer equipment, hardware and software, including an Internet connection to the website(s), also known as website hosting for thewebsite in violation of copyright and intellectual property, including universalpaymentsolutions.com.

30. The Defendant Global Hosting, Inc., provides the computer equipment, hardware and software, including an Internet connection to the website(s), also known as website hosting for thewebsite in violation of copyright and intellectual property, including checkrecoverysystems.com.

WHEREFORE, the Plaintiff demands judgment against the Defendants for immediate and permanent injunctive relief as agreed in advance by the Defendants in contracts with yourfavorite.com, ordering them to abide by the software license agreement, and contracts with yourfavorite.com, and return all intellectual property to yourfavorite.com, and immediately stop using the technology for personal or commercial gain and remove the routing number verification program from their website(s) and abandon all future plans to provide such software under their names, or future company name, fictitious business names, or any doing business as names, by web or by any other means of distribution.

WHEREFORE, the Plaintiff demands judgment against the defendants for immediate and permanent injunctive relief as agreed in advance by the Defendants in contracts with yourfavorite.com, ordering the non-competition clause prohibiting competitive advertising be enforced.

WHEREFORE, the Plaintiff demands judgment against the Defendants for the actual costs associated with resolving this issue, as outlined and agreed by the Defendants, in binding contracts, including court costs, filing fees, postage and service expenses.

WHEREFORE, the Plaintiff demands judgment against the defendants for payment of license fees from the date of notification of violation, April 16, 2003, until the date of deactivation. License fees are $100 per day per location, where each website, or individual computer or server is considered a location, beginning on April 16, 2003 and continuing until such date as the defendant complies with the Cease and Desist notice or court order.

WHEREFORE, the Plaintiff demands judgment against the Defendants for an immediate interim injunctive relief to prevent additional harm to the Plaintiff due to marketplace confusion, unfair competition, and increased advertising costs, associated with the Defendant's current business practices and use of yourfavorite.com's intellectual property,

RICHARD ROGERS
P.O. Box 230641
Boston, Massachusetts 02123
617-859-8998

## List of supporting documentation:

1. 1, Terms of service contract.

2. CheckWriter™ Software license agreement.

3. Hosting query results for universalpaymentsolutions.com and checkrecoverysystems.com.

4. Log files provided by third party vendor, containing digital contract signatures with date and time.

5. Screen display of the RoutingTool™ online software program.

6. Screen display of Defendant's routing tool.

7. Original invoice for purchase of CheckWriter™ software.

8. Original invoice for the purchase of an additional copy of CheckWriter™ software.

9. Cease and desist demand notice sent via certified mail.

10. Evidence of competitive advertising regarding routing the routing tool software.

11. Email message from Don Hellinger stating the date his company developed their software.